CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

11/15/2019

JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:19-cr-00009 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| MOLLEE M. MCWHORTER | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant Mollee M. McWhorter was convicted on March 12, 2019, by a magistrate judge of the petty offense of possessing, storing, or transporting any part of a tree or other plant—in this case marijuana—in violation of 36 C.F.R. § 261.58(t).[1]  McWhorter appeals her conviction on the grounds that it is "unjust as [she] was a Maryland medical cannabis patient before their state changed laws on out-of-state citizens accessing medicinal cannabis."  (Dkt. No. 1.)  Pursuant to the briefing order entered October 10, 2019, McWhorter filed her *pro se* memorandum of law on October 15, 2019.  (Dkt. No. 3.)  In accordance with Local Rule 59(b) of this district, the government had twenty-one days from the date of filing of McWhorter's memorandum to file a responsive memorandum.  The deadline has passed, and the government did not file a response.  For the reasons set forth below, the court will affirm the judgment imposed on March 12, 2019.[2]

---

[1] The regulation under which McWhorter was convicted prohibits "[p]ossessing, storing, or transporting any part of a tree or other plan, as specified in the order."  36 C.F.R. § 261.58(t).  As relevant here, Order Number 27-08-17, issued by the United States Department of Agriculture for the George Washington and Jefferson National Forests, prohibits "[p]ossessing, storing, or transporting cannabis plant/s or any controlled substance derived from the manufacture of cannabis plant(s)."  (*United States v. McWhorter*, No. 5:19-po-12, Dkt. No. 4-1.)

[2] Local Rule 59(b) provides that once the deadlines for filing briefs pass, "[t]he matter is thereafter deemed submitted for decision, provided that oral argument may be granted in the Court's discretion."  Finding that McWhorter has identified no reversible error in the magistrate judge's decision, the court will dispense with oral argument in this case.

## I. BACKGROUND

On December 17, 2018, United States Forest Service Officer King responded to a report of two lost hikers in the George Washington and Jefferson National Forest in Page County, Virginia. Officer King eventually met up with two hikers, one of whom was McWhorter. Shortly thereafter, McWhorter notified Officer King that she was in possession of marijuana.

At the hearing before the magistrate judge, McWhorter explained that she uses marijuana to help control her anxiety. Since she was born, she has relied on herbal medicine almost exclusively. McWhorter reported that she previously accessed medical marijuana from Maryland; however, Maryland amended its medical marijuana laws or regulations such that she could no longer obtain medical marijuana as a resident of Virginia. Given that McWhorter previously held a medical marijuana license and voluntarily disclosed her possession of marijuana to Officer King, the magistrate judge reduced McWhorter's fine to $10.00 with a $10.00 special assessment and waived the processing fee.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Criminal Procedure 58 allows a defendant to "appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B). However, "[a] defendant who is convicted and sentenced by a magistrate judge is not entitled to a trial *de novo* by a district court." *United States v. Bobadilla*, No. 1:08CR31, 2008 WL 2372068, at *2 (W.D.N.C. June 6, 2008). Rather, "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(D). "The District Court's duty in connection with an appeal from a magistrate judge is limited to examining the record to ascertain whether evidence was presented which

would support the magistrate's conviction, and which shows the trial was free from errors of law." *United States v. Lewis*, No. 10-CR-10, 2010 WL 772849, at *1 (W.D. Va. Mar. 3, 2010) (citing *United States v. Williams*, 220 F. Supp. 556 (N.D. Cal. 1963)).

## B. Analysis

On appeal, McWhorter restates much of the argument she presented before the magistrate judge. Namely, she notes that she has relied on herbal medicine for her entire life, including using marijuana since the age of eighteen. She reports that she previously obtained medical marijuana in Maryland until Maryland changed its laws regarding who may qualify as a medical-marijuana patient. In effect, McWhorter argues that marijuana use should be legalized and has pursued her case to this point "in an effort to state my case on why Cannabis should be legalized for myself and millions of other people." (Dkt. No. 3.)

As stated above, this court is tasked with reviewing the record to ensure the magistrate judge's conviction is supported by the evidence and is not contrary to law. McWhorter does not contest the facts leading to her conviction or assign any errors of law to the magistrate judge's decision. Nor does she contend that her sentence is unreasonable or excessive. Rather, she asserts a policy-based argument in favor of legalizing marijuana and argues that her sentence is "unjust" because she was previously a medical-marijuana patient under Maryland law. She has conceded, however, that she no longer holds a valid medical-marijuana license. Accordingly, the court finds that the magistrate judge's conclusion that McWhorter violated 36 C.F.R. § 261.58(t) by transporting marijuana in the George Washington and Jefferson National Forest, and the fine imposed of $10.00, are not contrary to law or otherwise erroneous.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the judgment and sentence of the

magistrate judge are AFFIRMED.

The clerk is directed to send a copy of this order to counsel for the government and to

McWhorter.

Entered: November 15, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge